## Sterling Varnish Company, Appellant, *v.* Macon.

*Equity—Injunction—Contract—Master and servant—Secret process.*

On a bill in equity by an employer against former employees to restrain the latter from using secret processes which they had contracted not to use except for complainant's benefit, where the evidence shows a clear prima facie case of fraudulent breach of contract, but the trial judge thinking that the proof was not technically sufficient without evidence of the secret process, which complainant refused to offer, refuses the relief sought, and after an appeal is taken the complainant applies for a reopening of the case on the ground of material after-discovered evidence, the appellate court will reverse the decree with directions to allow the case to be reopened for further evidence.

Argued Nov. 1, 1906. Appeals, Nos. 81 and 82, Oct. T., 1906, by plaintiff, from decree of C. P. No. 3, Allegheny Co., Feb. T., 1905, Nos. 64 and 65, on bill in equity in case of Sterling Varnish Company v. Latimer S. Macon and Cadwallader Evans, Jr., individually and as Copartners, trading as Macon-Evans Varnish Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Bill in equity for an injunction. Before MILLER, J., specially presiding.

The opinion of the Supreme Court states the case.

*Error assigned* was the decree of the court which limited the injunction to the spray pipe, a small part of the relief asked.

*M. Hampton Todd* and *A. Leo Weil*, with them *Breck & Vaill* and *Henry C. Todd*, for appellant.—Plaintiff is entitled to effectual relief in this cause without futher proof of the details of its trade secrets than they are in fact proven and admitted herein : Newbery v. James, 2 Merivale, 446 ; Yovatt v. Winyard, 1 Jacob & Walker, 394 ; Peabody v. Norfolk, 98 Mass. 452 ; Fralich v. Despar, 165 Pa. 24.

An injunction may be granted to restrain the use of a trade secret and to restrain the manufacture and sale of an article so made, whether the process or secret be patentable or not, against a defendant who acquired his knowledge by violation of contract and in breach of confidence : Pressed Steel Car Co. v. Standard Steel Car Co., 210 Pa. 464 ; Morrison v. Moat, 9 Hare, 241 ; Peabody v. Norfolk, 98 Mass. 452 ; Salomon v. Hertz, 40 N. J. Eq. 400 ; Vickery v. Welch, 36 Mass. 523 ; Morse Twist Drill, etc., Co. v. Morse, 103 Mass. 73 ; Anchor Electric Co. v. Hawkes, 171 Mass. 101 (50 N. E. Repr. 509) ; Fowle v. Park, 131 U. S. 88 (9 Sup. Ct. Repr. 658) ; Central Transportation Co. v. Pullman Palace Car Co., 139 U. S. 24 (11 Sup. Ct. Repr. 478) ; Jarvis v. Peck, 10 Paige, 118 ; Bryson v. Whitehead, 1 Simons & Stuart, 74 ; Lumley v. Wagner, 1 De Gex, Magn. & Gordon, 604.

*Johns McCleave*, with him *John S. Wendt*, for appellee.

PER CURIAM, January 7, 1907 :

Defendants obtained knowledge of certain business secrets relative to machinery and processes, while in the employment of complainant under contract expressly stipulating that they were not to divulge any of such secrets or to make use of them or any part of them directly or indirectly except for complainant's benefit. This bill was filed on the ground that after leaving complainant's employment the defendants were using such secrets for their own advantage.

It was shown that they had opportunity and motive for

such use; that one of them while in sole charge during the absence of the president of the company had had blue print copies of machinery and drawings made, which covered the dimensions of the complainant's unique special apparatus, the drawings for which were kept in the company's safe, to which he had access; that no entry was made on the company's books as to these copies or the payment for them; that during the same period of the president's absence one secret formula at least for extra insulating varnish was copied by Macon in his own handwriting, and that he also had in his custody and charge at the time of the trial a large number of drawings and blue prints of drawings of all the machinery and apparatus in plaintiff's works; and, lastly, that a portion of defendant's machinery known as the spray pipe apparatus was a direct copy and infringement of complainant's secret apparatus.

This summary of the facts condensed from the court's finding, omitting details as to the resemblances, etc., shows a clear prima facie case of fraudulent breach of contract by the defendants. The learned judge below was apparently of this opinion. But complainant having refused to put in evidence its secret formulæ, on the very substantial ground that to do so would destroy the secrecy which makes so large an element in its value, the judge thought that the proof was not technically sufficient, and that unless the secret processes were disclosed no relief on the vital question of infringement could be rendered effective. He, therefore, limited the injunction to the spray pipe apparatus.

It is not impossible, however, that appellant may make out satisfactory proof of its case by other evidence without the necessity of disclosure of secrets, nor is it clear that it has not done so. But we need not decide that point at present, as complainant has made application for reopening the case on the ground of material evidence discovered after the appeal was taken to this court. The importance of this evidence is unquestionable, and coming as it does from the other side it cannot be held to have been within the reach of appellant at an earlier date by any reasonable diligence. The application, therefore, should be granted.

The decree is reversed with directions to allow the case to be reopened for further evidence.